UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| DAVID and CHERYL HESS, | ) |
| --- | --- |
| Plaintiffs, | ) |
| v. | ) CASE NO. 1:12-CV-0088-JMS-DML |
| BANK OF AMERICA HOME LOANS SERVICING, LP; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; CENTRAL BANK OF JEFFERSON COUNTY, INC.; COUNTRYWIDE HOME LOANS, INC.; COUNTRYWIDE BANK, N.A.; and ACCELERATED MORTGAGE FUNDING, INC., | ) |
| Defendants. | ) |

# Order of Remand

The Court has a duty to ensure it has subject matter jurisdiction. *Hukic v. Aurora Loan Services,* 588 F.3d 420, 427 (7th Cir. 2009). The Court determines that it does not have subject matter jurisdiction in this case and accordingly REMANDS it to the Brown Circuit Court.

On January 20, 2012, all defendants except Accelerated Mortgage Funding, Inc., a defendant who apparently had not been served, removed this lawsuit from Brown Circuit Court on the ground that this Court has federal question jurisdiction under 28 U.S.C. § 1331. *See* Notice of Removal, Dkt. 1, ¶ 7.[1] Their Notice asserts that the allegation in the plaintiffs' complaint that defendant Jefferson County Bank violated 42 U.S.C. § 4012a and the plaintiffs'

---

[1] Under 28 U.S.C. § 1446(b)(2)(A), all defendants who have been properly joined and *served* in the state court case must join in, or consent to, removal to federal court. The Notice of Removal was filed by defendants who refer to themselves as the "Bank of America Defendants" and who constitute all of the defendants except Central Bank of Jefferson County, Inc. (hereafter, "Jefferson County Bank") and Accelerated Mortgage Funding, Inc. Jefferson County Bank consented to removal by the Bank of America Defendants. Notice of Removal, Dkt. 1, ¶ 9.

request for $1,000,000 in damages from all defendants gives rise to subject matter jurisdiction under 28 U.S.C. § 1331 "because this action involves a claim for alleged violations of the Federal Emergency Management Act and for damages thereof." *Id.*

On April 24, 2012, the Court issued its Order to Show Cause why this case should not be remanded for lack of subject matter jurisdiction. [Dkt. 35]. The Order stated, in part, that although the plaintiffs' complaint references a federal statute, it does not purport to bring a claim under federal law but brings state law claims for negligence, unconscionability, promissory estoppel, and to quiet title to real estate. The Court directed the parties' attention to the jurisdictional principle that a reference to a federal statute does not necessarily cause a claim to arise under the laws of the United States for purposes of federal question jurisdiction under section 1331.

## I. The defendants have not demonstrated that the Court has federal question jurisdiction.

The Bank of America Defendants' response to the Court's Show Cause Order argues, as they posited in their Notice of Removal, that it is the plaintiffs' assertion "that co-defendant [Jefferson County Bank] violated a federal statute, 42 U.S.C. §4012a, by making an improper flood zone determination, then failed to require Plaintiffs to acquire flood insurance as allegedly required by federal law," along with the assertion that their damages are $1 million, that supplies federal question jurisdiction. Jefferson County Bank, the sole defendant charged with violating this federal statute, responded to the Court's Show Cause Order by adopting the arguments made by the Bank of America Defendants. [Dkt. 38].

The defendants remark that a complaint need not expressly assert a cause of action under federal law for the suit to be within the Court's original federal question jurisdiction. The Court acknowledged that, of course, in its Show Cause Order. The Court directed the defendants to

2

explain why—given that the plaintiffs have not asserted a federal cause of action—this is one of those cases in which the assertion of state law causes of action nevertheless raises a sufficiently substantial federal issue for which a federal forum is appropriate. The defendants' responses do not grapple with the relevant distinctions between cases that "arise under" the laws of the United States for purposes of section 1331 and those that do not.

As the Supreme Court noted in *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308 (2005), it has "recognized for nearly 100 years" that in *some* cases federal question jurisdiction exists to adjudicate cases asserting only state law claims. But the presence of a federal law *issue* has never automatically opened the door to federal court. *Id.* at 314. The Supreme Court's "constant refrain" has been that the question of federal law embedded in the state law claims must be a substantial one that is actually contested and disputed. *Id.* at 314. In *Grable,* the Court emphasized another layer in the analysis: whether affording a federal forum would upset a balance between federal and state courts inconsistent with congressional intent. Federal question jurisdiction exists when "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.*

*Grable* was a state-law quiet title action. The defendant had purchased the subject real estate at a federal tax sale. The plaintiff, which had owned the property, alleged that because the IRS had not given it notice of the sale in the manner prescribed by federal tax law, the deed from the IRS to the defendant tax-sale purchaser was invalid. The only disputed issue in the case was whether the plaintiff had received notice of the tax sale from the IRS in a manner that complied with a federal statute. The issue implicated strong federal interests—the responsibilities of federal officials in providing notices of federal tax sales, the validity of a real estate deed from a

3

federal agency, and the collection and potential refund of federal taxes—and exercising federal jurisdiction over a state-law quiet title action that raised a disputed federal tax law was likely to be a rare enough occurrence to not disturb federal-state judicial responsibilities. *Id.* at 315-16.

As *Grable* discussed, on the other side of the line are cases like *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804 (1986), in which the plaintiff claimed that the drug company's violation of federal statutory drug branding requirements made it negligent *per se* under Ohio state law. Though the federal branding law would have to be interpreted and applied to resolve the state law claim, the Court held that the claim did not "arise under" federal law for purposes of section 1331. As *Grable* explained, *Merrell Dow* reflects the Court's view that there is no federal court welcome mat for a garden-variety state law negligence claim that relies on a federal statute as the source of the duty and its violation as the breach. 545 U.S. at 318-19. Otherwise one could expect "an enormous shift of traditionally state cases into federal court" inconsistent with the federal courts' limited jurisdiction. *Id.* at 319.

In *Empire Healthcare Assurance, Inc. v. McVeigh,* 547 U.S. 677 (2006), the Court further stressed that *Grable* creates only a narrow opening to federal court for state law claims that depend on federal law: "*Grable* emphasized that it takes more than a federal element "to open the 'arising under' door. [*Empire's* contract law claim] cannot be squeezed into the slim category *Grable* exemplifies." *Id.* at 701. *See also Bennett v. Southwest Airlines, Inc.,* 484 F.3d 907 (7th Cir. 2007) (no federal question jurisdiction for state tort claims alleging that defendants' violations of federal aviation laws underpinned aircraft accident).

The federal law issue in this case is not characteristically different from the one in *Merrell Dow*. The plaintiffs merely allege a federal statute, the breach of which makes the defendants negligent under state law and liable to the plaintiffs. The plaintiffs claim that under

42 U.S.C. §4012a, their residential mortgage lender, Jefferson County Bank, was required to notify and advise them to purchase flood insurance, that it didn't, and that the plaintiffs suffered extensive non-insured losses (of $1,000,000) from a flood because they had no insurance.[2] This is a garden-variety state law negligence claim, and no strong federal interests of the kind and quality demanded under *Grable* are implicated. In fact, the Bank of America Defendants and Jefferson County Bank do not identify *any* matters of special federal interest and importance as integral to the adjudication of this case. They merely label this a case raising a "sufficiently substantial federal issue" for federal question jurisdiction but do not explain why this is so.

The Bank of American Defendants and Jefferson County Bank had the burden to demonstrate this Court's jurisdiction. *Appert v. Morgan Stanley Dean Witter, Inc.,* 673 F.3d 609, 617 (7th Cir. 2012) ("party invoking federal jurisdiction bears the burden of demonstrating its existence"). They have not shown that the plaintiffs' complaint, while asserting the violation of a federal law as the basis for the plaintiffs' state law causes of action, falls within the narrow category of cases that can be brought to federal court under *Grable*.

---

[2] In other filings, the Bank of America Defendants and Jefferson County Bank argue that the plaintiffs' claim that Jefferson County Bank negligently failed to advise the plaintiffs regarding flood insurance is barred by Indiana's two-year statute of limitations or is otherwise deficient under Indiana substantive law and should be dismissed for those reasons. (*See* Dkt. 18 and Dtk. 17-1). If they are right, then a court need not ever decide the meaning of the federal statute or its application to this case.

## II. The defendants have not shown that the Court can exercise diversity jurisdiction.

The defendants' fall-back position on subject matter jurisdiction is that the Court may have diversity jurisdiction. The notice of removal did not assert diversity jurisdiction, but the Court could, under 28 U.S.C. §1653, permit amendment of the removal papers to assert diversity jurisdiction. ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.") *See Harmon v. OKI Systems,* 115 F.3d 477, 478 (7th Cir. 1997).

That relief is not appropriate in this case because the defendants could not demonstrate at the time of removal, and have not shown now, that the plaintiffs are diverse in citizenship from all defendants.

The Bank of America Defendants explain that their notice of removal did not rely on diversity jurisdiction because their investigation revealed that defendant Accelerated Mortgage Funding, Inc. could be an Indiana corporation. It would thus share citizenship with the plaintiffs. In their response to the Show Cause Order, the Bank of America Defendants now say that *maybe* Accelerated Mortgage is a Georgia corporation, based on information gathered from secretary of state records in Georgia and nearby states of Alabama, Florida, and Mississippi. (*See* Dkt. 37 at p.2). The Court notes that the Indiana Secretary of State lists a corporation named Accelerated Mortgage Funding, Inc., with an address in Bloomington, Indiana, incorporated in Indiana on December 13, 2004, and administratively dissolved on July 15, 2010. The Georgia Secretary of State lists a corporation named Accelerated Mortgage Funding, Inc., with an address in Acworth, Georgia, incorporated in Georgia on September 17, 1998. This information suggests the existence of two different companies incorporated in different states with the same name, not that the Georgia company is the defendant in this case. It is more reasonable to infer that the Accelerated Mortgage Funding, Inc. named a defendant in this case is the one that had an address

in a county adjacent to the Indiana county where the real estate that is the subject of this litigation is located.[3] In short, the defendants have not provided any basis for ignoring Accelerated Funding's citizenship and have not demonstrated that the Court could exercise diversity jurisdiction. *Appert,* 673 F.3d at 617.

Finally, the defendants' suggestion that the Court could exercise subject matter jurisdiction "for the sake of judicial economy" is completely without merit. The authority they cite, *Norris v. Advanced Correctional Healthcare, Inc.,* 2012 WL 1232163 (S.D. Ind. April 12, 2012), does not support their argument. In *Norris,* the court *had* subject matter jurisdiction— federal question jurisdiction because of a claim under 42 U.S.C. § 1983 and supplemental jurisdiction over related state law claims under 28 U.S.C. § 1367. The issue in *Norris* was whether the court should relinquish or retain its supplemental jurisdiction over the state law claims once the court dismissed the federal claim that had triggered its original subject matter jurisdiction. Neither *Norris* nor any other authority permits a federal court to exercise subject matter jurisdiction "for the sake of judicial economy" when it otherwise does not have jurisdiction.

---

[3] The fact that the Indiana corporation has been administratively dissolved does not make its citizenship irrelevant for diversity purposes—or at least the defendants have not shown that it does. Under the Indiana Business Corporation Law, an administratively dissolved company "continues its corporate existence" and the authority of its registered agent for service of process is not terminated by administrative dissolution. Ind. Code § 23-1-46-2. Thus, although the company apparently has yet to be served by the plaintiffs, nothing appears to prevent the plaintiffs from effecting service.

**Conclusion**

For the foregoing reasons, the Court determines that it does not have subject matter jurisdiction to adjudicate this lawsuit. Accordingly, this case is HEREBY REMANDED to the Brown Circuit Court.

So ORDERED.

Dated: 05/24/2012

                                                      Hon. Jane Magnus-Stinson, Judge
                                                      United States District Court
                                                      Southern District of Indiana

Distribution: All ECF-registered counsel of record.